**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PERCY CHAPMAN, JANENE CHAPMAN,
COLLEEN RANDOLPH, and ANN MARIE BOYCE,
individually and on behalf of all others similarly
situated,

                              Plaintiffs,

        v.

MANUFACTURERS AND TRADERS TRUST
COMPANY a/k/a M&T Bank,

                     Defendant.

Case No.: 1:20-CV-02372-JSR

---

**DEFENDANT MANUFACTURERS AND TRADERS TRUST COMPANY
a/k/a M&T BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

---

On the Brief:

    James P. Berg, Esq. (Parker Ibrahim & Berg LLP)
    Scott W. Parker, Esq. (Parker Ibrahim & Berg LLP)
    Daniel A. Schleifstein, Esq. (Parker Ibrahim & Berg LLP)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................ii

PRELIMINARY STATEMENT ..............................................................................1

PLAINTIFFS' FACTUAL ALLEGATIONS...........................................................3

LEGAL ARGUMENT...............................................................................................5

I.   THIS COURT SHOULD DISMISS PLAINTIFFS' PENNSYLVANIA
     CLAIMS BASED UPON LACK OF SUBJECT MATTER JURISDICTION,
     UNDER THE SECOND CIRCUIT'S "FIRST-FILED" RULE..........................5

     A.  Applicable Standard of Review – Rule 12(b)(1) ....................................5

     B.  This Court Lacks Subject Matter Jurisdiction over Plaintiffs'
         Pennsylvania Claims Based Upon the Second Circuit's "First-Filed"
         Rule..........................................................................................................7

         1.  Applicable Standard of Review – "First-Filed" Rule .........................7

             a.  A First-Filed Lawsuit Has Priority .........................................7

             b.  The Parties and Issues Need Only Be Substantially Similar,
                 Not Identical..............................................................................8

             c.  Improper Gamesmanship Weighs in Favor of Applying the
                 "First-Filed" Rule...................................................................10

         2.  Under the Second Circuit's "First-Filed" Rule, This Court Should
             Dismiss Plaintiffs' Complaint for Lack of Subject Matter
             Jurisdiction............................................................................................11

II.  UPON DISMISSAL OF PLAINTIFFS' PENNSYLVANIA CLAIMS, THE
     COURT SHOULD DISMISS PLAINTIFFS' NEW YORK CLAIMS
     BASED UPON LACK OF SUBJECT MATTER JURISDICTION UNDER
     CAFA........................................................................................................14

III. PLAINTIFFS' CLAIMS ARE BARRED BY THE EXPIRATION OF THE
     APPLICABLE STATUTES OF LIMITATIONS .............................................16

     A.  Plaintiffs' New York Claims Are Barred by the Statute of Limitations.......16

         1.  Plaintiffs' New York Claims Are Governed by a Three-Year
             Statute of Limitations.....................................................................16

2. Both of the New York Plaintiffs' Claims Accrued More Than Three Years Before Plaintiffs Filed Their Complaint......................17

    a. The Second Circuit's "Presumptive Receipt" Rule .............17

    b. M&T's Mailing Practices and Procedures...........................18

    c. Boyce's Claim Expired by June 2017..................................19

    d. Randolph's Claim Expired by March 16, 2020 ...................19

B. Plaintiffs' Pennsylvania Claims Are Barred by the Statute of Limitations........................................................................19

1. The Statute of Limitations for Plaintiffs' Pennsylvania Claims Are Governed by New York's "Borrowing Statute".......................19

2. Under New York's "Borrowing Statute," the Statute of Limitations as to Plaintiffs' Pennsylvania Claims Should Be Limited to Three Years .................................................................20

3. The Pennsylvania Plaintiffs' Claims Accrued More Than Three Years Before Plaintiffs Filed Their Complaint.................................21

CONCLUSION......................................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co.*,
    717 F. App'x 35, 37 n. 1 (2d Cir. 2017) ............................................................. 20

*Adam v. Jacobs*,
    950 F.2d 89, 93 (2d Cir. 1991) ......................................................................... 7

*Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc.*,
    No. 17-CV-2640 (JGK), 2018 U.S. Dist. LEXIS 86954 (S.D.N.Y. May 23, 2018) ............... 6

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
    671 F.3d 140, 145 (2d Cir. 2011) ...................................................................... 6

*Anirudh v. CitiMortgage, Inc.*,
    598 F. Supp. 2d 448, 451-52 (S.D.N.Y. 2009) ..................................................... 15

*Antares Aircraft v. Fed. Republic of Nigeria*,
    948 F.2d 90, 96 (2d Cir. 1991) ......................................................................... 6

*Baldwin County Welcome Center v. Brown*,
    466 U.S. 147, 148 n.1 (1984) ........................................................................... 17

*Banca Commercialie Italiana v. N. Trust Int'l Banking Corp.*,
    160 F.3d 90, 93-94 (2d Cir. 1998) ..................................................................... 17

*Burke v. Bimbo Bakeries USA, Inc.*,
    No. 19-CV-902 (MAD), 2019 U.S. Dist. LEXIS 198263, at *10 (N.D.N.Y. Nov. 15, 2019) . 9

*Byron v. Genovese Drug Stores, Inc.*,
    No. 10-CV-03313, 2011 U.S. Dist. LEXIS 120210 (E.D.N.Y. Oct. 14, 2011) ...................... 8

*Castillo v. Taco Bell, LLC*,
    960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) ......................................................... 8

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147, 153 (2d Cir. 2002) ...................................................................... 4

*City of New York v. Exxon Corp.*,
    932 F.2d 1020, 1025 (2d Cir. 1991) .................................................................. 8

*Colorado River Water Conservation Dist. v. U.S.*,
    424 U.S. 800, 817 (1976) ............................................................................... 6

*Commisso v. PricewaterhouseCoopers LLP*,
    No. 11-CV-5713 (NRB), 2012 U.S. Dist. LEXIS 105151, at *16 (S.D.N.Y. July 27, 2012)  15

*Cubler v. Trumark Fin. Credit Union*,
    83 A.3d 235 (Pa. Super. 2013) ......................................................................... 20

*Curtis v. Citibank, N.A.*,
   226 F.3d 133, 138 (2d Cir. 2000) .......................................................... 7

*Curtis v. DiMaio*,
   46 F. Supp. 2d 206 (E.D.N.Y. 1999) ..................................................... 10

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95, 106 (2d Cir. 2006) ............................................................ 8

*Del Vecchio v. Metro. Transp. Auth.*,
   No. 17-CV-10051 (AKH), 2018 U.S. Dist. LEXIS 175567 (S.D.N.Y. Oct. 10, 2018) ......... 16

*Empr's Ins. v. Fox Entm't Grp., Inc.*,
   522 F.3d 271, 275-76 (2d Cir. 2008) ..................................................... 9

*Fine v. State*,
   814 N.Y.S.2d 890 (N.Y. Ct. Cl. 2005) .................................................. 17

*Fleet Capital Corp. v. Mullins*,
   No. 03-CV-6660 (RJH), 2004 U.S. Dist. LEXIS 4425, at *13 (S.D.N.Y. Mar. 18, 2004) ...... 7

*Global Fin. Corp. v. Triarc Corp.*,
   93 N.Y.2d 525, 528 (1999) ................................................................ 19

*Gold v. N.Y. Life Ins. Co.*,
   730 F.3d 137, 141 (2d Cir. 2013) ..................................................... 14, 16

*Gold v. N.Y. Life Ins. Co.*,
   No. 09-CV-3210 (WHP), 2012 U.S. Dist. LEXIS 67211, at *3-4 (S.D.N.Y. May 14, 2012) 16

*GT Plus*, Ltd. *v. Ja-Ru, Inc.*,
   41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) ............................................. 10

*Greenaway v. Apple-Metro, Inc.*,
   No. 13-CV-2818 (ENV) (CLP), 2013 U.S. Dist. LEXIS 187198, at *3 (E.D.N.Y. Nov. 19, 2013)...................................................................................8

*Hales v. HSBC Bank U.S.A., N.A.*,
   347 Fed. Appx. 698, 699 (2d Cir. 2009) .............................................. 16

*House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP*,
   71 A.D.3d 580 (1st Dept 2010) ........................................................ 20

*Howard v. Klynveld Peat Marwick Goerdeler*,
   977 F. Supp. 654, 665 (S.D.N.Y. 1997) .............................................. 10

*In re Prudential Securities Inc. Ltd. Partnerships Litig.*,
   158 F.R.D. 562 (S.D.N.Y. 1994) ..................................................... 10-11

*Intema Ltd. v. NTD Labs., Inc.*,
    654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) .......................................................................... 8

*Jeffrey v. DTG Operations, Inc.*,
    No. 19-CV-7209 (PKC) (CLP), 2020 U.S. Dist. LEXIS 56265 (E.D.N.Y. Mar. 31, 2020)… 13

*John Street Leasehold, LLC v. Capital Mgmt. Res., L.P.*,
    154 F. Supp. 2d 527 (S.D.N.Y. 2001) .................................................................................... 6

*Kamen v. American Tel. & Tel. Co.*,
    791 F.2d 1006, 1011 (2d Cir. 1986) ...................................................................................... 6

*Kanowitz v. Broadridge Fin. Solutions, Inc.*,
    No. 13-CV-649 (DRH) (AKT), 2014 U.S. Dist. LEXIS 46518, at *16-28 (E.D.N.Y. Mar. 31,
    2014)… ................................................................................................................................... 14

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
    342 U.S. 180, 183 (1952) ...................................................................................................... 7

*Kurovskaya v. Project O.H.R. Inc.*,
    251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017) .......................................................................... 14

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419, 422 (2d Cir. 2011) .......................................................................................... 6

*Lage v. Ocwen Loan Servicing LLC*,
    145 F. Supp. 3d 1172, 1191-92 (S.D. Fla. 2015) ................................................................ 18

*Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*,
    No. 19-CV-3868 (ER), 2020 U.S. Dist. LEXIS 55856 (S.D.N.Y. Mar. 30, 2020) ................. 5

*Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*,
    686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010) .......................................................................... 7

*Liberty Mut. Ins. Co. v. Fairbanks*,
    17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014) ............................................................................ 8

*Lucker v. Bayside Cemetery*,
    262 F.R.D. 185, 189 (E.D.N.Y. 2009) ................................................................................. 15

*Luv N' Care, Ltd. v. Goldberg Cohen, LLP*,
    703 F. App'x 26, 28 (2d Cir. 2017) ..................................................................................... 19

*Mail Am. Communs. Inc. v. World Healing Ctr. Church, Inc.*,
    No. 18-CV-08481, 2019 U.S. Dist. LEXIS 217622, at *15 (S.D.N.Y. Dec. 17, 2019) ......... 20

*Makarova v. U.S.*,
    201 F.3d 110, 113 (2d Cir. 2000) .......................................................................................... 6

*Manigault v. Macy's East, LLC*,
    318 Fed. Appx. 6, 7 (2d Cir. 2009) ...................................................................................... 17

*Mattera v. Clear Channel Communs., Inc.*,
    239 F.R.D. 70, 80 (S.D.N.Y. 2006) ........................................................ 15

*Meckel v. Continental Res. Co.*,
    758 F.2d 811, 817 (2d Cir. 1985) ......................................................... 18

*Morency v. Vill. of Lynbrook P.O. Shield No. 217*,
    1 F. Supp. 3d 58, 62-63 (E.D.N.Y. 2014) ............................................. 11

*Morrison v. Nat'l Australia Bank Ltd.*,
    547 F.3d 167, 170 (2d Cir. 2008) ........................................................... 6

*Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*,
    No. 15-CV-293, 2019 U.S. Dist. LEXIS 167845, at *18 (S.D.N.Y. Sep. 27, 2019) ............. 20

*N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*,
    599 F.3d 102, 112 (2d Cir. 2010) ....................................................... 7-8

*Ole Media Mgmt., L.P. v. EMI April Music, Inc.*,
    No. 12-CV-7249 (PAE), 2013 U.S. Dist. LEXIS 82073, at *3 (S.D.N.Y. Jun. 10, 2013) ..... 13

*Oleg Cassini, Inc. v. Serta, Inc.*,
    2012 U.S. Dist. LEXIS 33875 at *3 (S.D.N.Y. Mar. 13, 2012) ........................ 8, 11

*Oliney v. Gardner*,
    771 F.2d 856 (5th Cir. 1985) ............................................................. 10

*Peck v. U.S.*,
    522 F. Supp. 245, 247 (S.D.N.Y. 1981) ............................................. 7, 8

*Pharm. Res., Inc. v. Alpharma USPD, Inc.*,
    No. 02-CV-1015 (LMM), 2002 U.S. Dist. LEXIS 8549, at *13 (S.D.N.Y. May 13, 2002) .. 10

*Ray v. Watnick*,
    182 F. Supp. 3d 23, 25 (S.D.N.Y. 2016) ................................................. 4

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*,
    572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ............................................... 8

*Rivera v. Bowen*,
    664 F. Supp. 708, 710 (S.D.N.Y. 1987) ................................................. 8

*Royal & Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*,
    466 F.3d 88, 94 (2d Cir. 2006) ......................................................... 13

*Santana v. Cavalry Portfolio Servs., LLC*,
    No. 19-CV-3773 (PAE), 2019 U.S. Dist. LEXIS 201469, at *6 (S.D.N.Y. Nov. 19, 2019)  8, 9

*Serlin v. Arthur Andersen & Co.*,
    3 F.3d 221, 223-224 (7th Cir. 1993) .................................................. 7, 9

*Sherlock v. Montefiore Medical Ctr.*,
   84 F.3d 522, 525 (2d Cir. 1996) ........................................................ 17

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*,
   68 F. Supp. 2d 161, 165-66 (E.D.N.Y. 1999) ...................................... 10

*Spotless Enters.*, Inc. *v.* The *Accessory Corp.*,
   415 F. Supp. 2d 203, 205-206 (E.D.N.Y. 2006) .................................... 8

*Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*,
   673 F.3d 180, 190 (2d Cir. 2012) ........................................................ 20

*Stuart v. Am. Cyanamid Co.*,
   158 F.3d 622, 627 (2d Cir. 1998) ........................................................ 20

*The Haytian Republic*,
   154 U.S. 118, 124 (1894) ...................................................................... 8

*Thomas v. Apple-Metro, Inc.*,
   No. 14-CV-4120 (VEC), 2015 U.S. Dist. LEXIS 14574 (S.D.N.Y. Feb. 5, 2015) ............... 13

*Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*,
   No. 14-CV-7040 (JPO), 2015 U.S. Dist. LEXIS 153984 (S.D.N.Y. Nov. 13, 2015) ........... 13

*Wagner v. Akin Gump Strauss Hauer & Feld LLP*,
   No. 16-CV-3532 (GBD), 2017 U.S. Dist. LEXIS 6119, at *14 (S.D.N.Y. Jan. 17, 2017) .... 13

*Walton v. Eaton Corp.*,
   563 F.2d 66, 71 (3d Cir. 1977) ............................................................ 10

*Weider v. Verizon N.Y., Inc.*,
   No. 14-CV-7378 (FB) (JO), 2015 U.S. Dist. LEXIS 70912 (E.D.N.Y. Jun. 2, 2015)...... 14-15

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
   899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) ............................................ 8

**Statutes**

13 Pa.C.S. § 9628 ...................................................................................... 11

28 U.S.C. § 1332(d)(2) ............................................................................... 14

28 U.S.C. § 1332(d)(4)(B) .......................................................................... 14

**Rules**

CPLR 202 ................................................................................................................ 19

CPLR 213 ................................................................................................................ 16

CPLR 214 ............................................................................................................ 16, 17

Fed. R. Civ. P. 12 .................................................................................................. 1, 5, 6

Fed. R. Civ. P. 56 ...................................................................................................... 6

Defendant Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint (the "Complaint") of Plaintiffs Percy Chapman, Janene Chapman, Colleen Randolph and Ann Marie Boyce ("Plaintiffs") with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs are delinquent automobile loan borrowers whose loans were serviced by M&T. Plaintiffs assert six causes of action relating to M&T's pre-sale notices of repossession ("Notices of Repossession") sent to New York and Pennsylvania borrowers, and a post-sale notice (the "Post-Sale Notice") that was only sent to Pennsylvania borrowers. Plaintiffs also criticize administrative requests that were made to the New York State Department of Motor Vehicles and the Pennsylvania Department of Transportation, relating to the repossession of the collateral after Plaintiffs defaulted on their loan obligations. They seek recovery of statutory damages under the New York and Pennsylvania Uniform Commercial Codes on behalf of themselves and putative classes of New York and Pennsylvania residents.

For multiple reasons, this Court should dismiss Plaintiffs' Complaint in its entirety.

*First*, this Court lacks subject matter jurisdiction over Plaintiffs' Pennsylvania claims because they are barred by the "first-filed" rule. To avoid duplicative litigation and foster judicial economy, courts routinely dismiss the second, later-filed duplicative suit in favor of the prior pending action. This is especially true in the putative class action context when plaintiffs' counsel attempts to game the system for some perceived tactical advantage or other reason. As Plaintiffs concede in the Complaint, there is a prior putative class action pending in the United States District Court for the Eastern District of Pennsylvania, which involves the same

1

defendant, the same plaintiffs' counsel, substantially similar claims, virtually identical issues and overlapping request for relief (including statutory damages, declaratory and injunctive relief). This Court should give the first-filed action priority over this one, and dismiss Plaintiffs' Pennsylvania claims.

*Second*, upon dismissal of Plaintiffs' Pennsylvania claims, the Court should dismiss Plaintiffs' New York claims, based upon lack of subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). While Plaintiffs invoke CAFA as a basis for this Court's jurisdiction in the Complaint, the "home state exception" unequivocally mandates that a district court "shall" decline to exercise jurisdiction over a putative class action where two-thirds or more of the members of the proposed class in the aggregate, and the defendants, are citizens of the state in which the action was filed (*i.e.*, New York). This CAFA exception is readily satisfied here, based upon the demographic data provided by M&T in support of this motion.

*Third*, and finally, Plaintiffs' Complaint is barred by the expiration of the applicable statute of limitations because: (1) under Second Circuit authority, the applicable statute of limitations for Plaintiffs' New York claims is three years; (2) the claims for both of the plaintiffs who reside in New York accrued more than three years ago; (3) under New York's borrowing statute, this Court should apply a three-year statute of limitations to Plaintiffs' Pennsylvania claims; and (4) the claims for the Pennsylvania plaintiffs also accrued more than three years ago.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Plaintiffs' Complaint**

Plaintiffs allege that they each entered into a Retail Installment Sales Contract ("RISC") to secure financing to purchase a vehicle, which was then assigned to M&T.  *See* Declaration of James P. Berg (June 12, 2020) (the "Berg Decl."), Ex. A (Complaint), ¶¶ 16-17.  After each plaintiff defaulted under the terms of the RISC, M&T sent them a Notice of Repossession, repossessed their vehicles, and thereafter sold their vehicles to reduce the debts owed by Plaintiffs. *See id.*, ¶¶ 18, 21.  Plaintiffs allege, *inter alia*, that these Notices of Repossession and Post-Sale Notices "violated the Uniform Commercial Code ('UCC') as adopted in New York and Pennsylvania both, independently, and *in pari materia* with, as applicable, the New York Motor Vehicle Retail Installment Sales Act ("MVRISA"), the New York General Obligation Law, and the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA")." *Id.*, ¶ 2.

None of the Plaintiffs attach copies of their RISCs, Notice of Repossession, or Post-Sale Notices as exhibits to the Complaint.

Further, and critically, the Complaint fails to plead facts specific to any of the Plaintiffs. As to repossession, the Complaint alleges only that M&T:  (1) repossessed the vehicle belonging to Ann Marie Boyce ("Boyce") in "May or June 2014"; (2) repossessed the vehicle belonging to Percy and Janene Chapman (the "Chapmans") in "July of 2016"; and (3) repossessed the vehicle belonging to Colleen Randolph in "late March of 2017." *Id.,* ¶¶ 16-17.

With respect to the sale of the vehicles, the Complaint alleges only that each of the Plaintiffs' vehicles were sold (with no indication of when, or under what circumstances) – and that after M&T sold the Chapmans' vehicle, M&T did not send a separately addressed post-sale

notice to each co-borrower, "and/or" did not send the notice by registered or first class mail.  *Id.*, ¶¶ 18-19.

Plaintiffs' Complaint is devoid of any factual allegations relating to the content of the actual notices that were allegedly sent to Plaintiffs – which form the entire basis of Plaintiffs' statutory claims.  Instead, the thrust of the Complaint attacks a Notice of Repossession that Plaintiffs baldly allege is "substantially the same" to the undisclosed Notices of Repossession that were allegedly sent to the Plaintiffs.  *See, e.g., id.*, ¶¶ 21-24, 65-74.

**The First-Filed, Prior Pending Action in the Eastern District of Pennsylvania**

Nearly three years before filing the *Chapman* Complaint, Plaintiffs' counsel filed a complaint in state court in Pennsylvania against M&T.  M&T removed to federal court, and the case remains pending in the Eastern District of Pennsylvania, before the Hon. Wendy Beetlestone, captioned as *Edward R. Flynn, et al. v. Manufacturers and Trades Trust Company a/k/a M&T Bank*, No. 2:17-cv-04806-WB (the "*Flynn* Action").  *See* Berg Decl., Ex. B.[1]  The *Flynn* Action has been the subject of substantial litigation, including a number of dispositive motions, dozens of discovery motions, and two mediation sessions – the last of which occurred seven days before Plaintiffs' counsel filed the *Chapman* Complaint.

The plaintiffs in the *Flynn* Action, as here, assert statutory claims challenging M&T's Notices of Repossession and Post-Sale Notices for a putative class of borrowers in Pennsylvania. There, as here, plaintiffs claim that M&T's notices did not comply with the UCC as adopted by Pennsylvania, both independently and *in pari materia* with the MVSFA.  *Compare* Berg Decl., Ex. A, ¶ 2 *with* Ex. B, ¶¶ 2, 101.  The plaintiffs in Flynn also make the same claims regarding the

---

[1] When evaluating a motion to dismiss, the Court may consider, *inter alia*, matters that are subject to judicial notice, including court records.  *See Ray v. Watnick*, 182 F. Supp. 3d 23, 25 (S.D.N.Y. 2016) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

very same "Storage Expenses", "'Prepare/Repair Fees,'" "Redemption Fee[s], Personal Property Fee[s], and Administrative Fee[s]" that form the basis of the instant Complaint.  *Compare* Berg Decl., Ex. A, ¶¶ 21-33 *with* Ex. B, ¶¶ 74-85.  And there, as here, the plaintiffs take issue with the very same requests that were made to the Pennsylvania DOT.  *Compare* Berg Decl., Ex. A, ¶¶ 84-86 *with* Ex. B, ¶¶ 93-99.  Indeed, many of the allegations in the Complaint are near verbatim recapitulations of the allegations in the *Flynn* Complaint.

Not only are the claims the same, but the parties are as well.  Indeed, every single member of the proposed putative class in *Flynn* is also a member of Plaintiffs' proposed putative class in the instant action.  In fact, the two representative plaintiffs for the Pennsylvania class, Percy and Janene Chapman, are members of the *Flynn* putative class.

The only real difference between the Pennsylvania claims in *Flynn* and those alleged here is the addition of a new "subclass" and a new theory of liability relating to M&T's Post-Sale Notices – both of which Plaintiffs' counsel are prohibited from asserting in *Flynn* by virtue of the Court's April 13, 2018 Order banning Plaintiffs' counsel from any further amendments.  *See* Berg Decl., Ex. B ("Plaintiff shall not be afforded any further amendment").

## LEGAL ARGUMENT

## I.   THIS COURT SHOULD DISMISS PLAINTIFFS' PENNSYLVANIA CLAIMS BASED UPON LACK OF SUBJECT MATTER JURISDICTION, UNDER THE SECOND CIRCUIT'S "FIRST-FILED" RULE.

### A.   Applicable Standard of Review – Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  *See* Fed. R. Civ. P. 12(b)(1); *Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, No. 19-CV-3868 (ER), 2020 U.S. Dist. LEXIS 55856 (S.D.N.Y. Mar. 30, 2020).  The party asserting subject

matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)).

When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true "unless contradicted by more specific allegations or documentary evidence."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)).

Further, on a Fed. R. Civ. P. 12(b)(1) motion, the court may consider matters outside the pleadings, such as affidavits, documents, and testimony.  *See Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc.,* No. 17-CV-2640 (JGK), 2018 U.S. Dist. LEXIS 86954 (S.D.N.Y. May 23, 2018) (granting motion to dismiss for lack of subject matter jurisdiction, among other grounds); *see also, e.g., Antares Aircraft v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *aff'd on remand*, 999 F.2d 33 (2d Cir. 1993); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *John Street Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F. Supp. 2d 527 (S.D.N.Y. 2001). Thus, the standard used to evaluate a Fed. R. Civ. P. 12(b)(1) motion is similar to that used for summary judgment under Fed. R. Civ. P. 56.  *See Kamen*, 791 F.2d at 1011.

Federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.  *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).  The power to stay the proceedings or dismiss without prejudice may be exercised by a district court,

*sua sponte.  See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

    **B.**    **This Court Lacks Subject Matter Jurisdiction over Plaintiffs' Pennsylvania Claims Based Upon the Second Circuit's "First-Filed" Rule.**

        **1.**    **Applicable Standard of Review – "First-Filed" Rule**

            **a.**    **A First-Filed Lawsuit Has Priority.**

Efficiency supports dismissing a claim when there is a pending suit raising the same issues and claims.  *First*, courts should generally aim to avoid duplicative litigation and, in so doing, foster judicial economy.  *See Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010); *Curtis*, 226 F.3d at 138 ("The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952))).  *Second*, the practice of dismissing or staying a duplicative suit protects parties from having to litigate the same issue in multiple venues and avoids piecemeal litigation.  *See Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (recognizing that because parties "should be free from the vexation of concurrent litigation over the same subject matter," there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit).  *Third*, considerations of comity weigh heavily in favor of dismissing or staying a proceeding.  *See Peck v. U.S.*, 522 F. Supp. 245, 247 (S.D.N.Y. 1981).  The "first-filed" rule further serves to "achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments."  *Fleet Capital Corp. v. Mullins*, No. 03-CV-6660 (RJH), 2004 U.S. Dist. LEXIS 4425, at *13 (S.D.N.Y. Mar. 18, 2004).

Under the Second Circuit's "first-filed" rule, "[w]here there are two competing lawsuits, the first suit should have priority."  *N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599

F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir.

2006)); *see also City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *Byron v.

Genovese Drug Stores, Inc.*, No. 10-CV-03313 (JBW), 2011 U.S. Dist. LEXIS 120210

(E.D.N.Y. Oct. 14, 2011).[2]

    **b.**    **The Parties and Issues Need Only Be Substantially Similar, Not Identical.**

For the "first-filed" rule to apply, the parties and issues must be substantially similar, but

they need not be identical.  *See Santana v. Cavalry Portfolio Servs., LLC*, No. 19-CV-3773

(PAE), 2019 U.S. Dist. LEXIS 201469, at *6 (S.D.N.Y Nov. 19, 2019).  "Rather, the core

question is whether there are common violations of law alleged."  *Liberty Mut. Ins. Co. v.

Fairbanks*, 17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014) (internal quotation marks and citation

omitted); *cf. The Haytian Republic*, 154 U.S. 118, 124 (1894); *Rivera v. Bowen*, 664 F. Supp.

708, 710 (S.D.N.Y. 1987) ("the avoidance of duplicative litigation is imperative"); *Peck*, 522 F.

Supp. at 247 (citing *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572

F. Supp. 1210, 1213 (N.D. Ill. 1983)).

To apply the "first-filed" rule, "the court considers whether the lawsuits at issue assert the

same rights, and seek relief based upon the same facts."  *Castillo v. Taco Bell, LLC*, 960 F. Supp.

2d 401, 404 (E.D.N.Y. 2013); *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F.

Supp. 2d 235, 244 (E.D.N.Y. 2012) ("[A]pplication of the "first-filed" rule does not require

*identical* parties in the cases, but merely requires substantial overlap.") (emphasis in original)

---

[2] The "first-filed" rule is similar to the "prior pending action" doctrine, which recognizes that courts have the inherent power to dismiss or stay an action based on the pendency of a related proceeding in a foreign jurisdiction. *See Royal & Sun Alliance Ins. Co. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006); *Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*, No. 14-CV-7040 (JPO), 2015 U.S. Dist. LEXIS 153984 (S.D.N.Y. Nov. 13, 2015); *Ole Media Mgmt., L.P. v. EMI April Music, Inc.*, No. 12-CV-7249 (PAE), 2013 U.S. Dist. LEXIS 82073, at *3 (S.D.N.Y. Jun. 10, 2013)).

(citing *Spotless Enters., Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205-206 (E.D.N.Y. 2006)); *Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009); *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *3 (S.D.N.Y. Mar. 13, 2012)).

Accordingly, courts consider numerous issues in the substantial overlap analysis, including the underlying facts, the parties' claims, the relief requested, and the identity of the defendants. *See Greenaway v. Apple-Metro, Inc.*, No. 13-CV-2818 (ENV) (CLP), 2013 U.S. Dist. LEXIS 187198, at *3 (E.D.N.Y. Nov. 19, 2013) ("Here there can be no dispute that this action substantially overlaps with the [first-filed action]: the two cases are collective-class actions and involve identical claims, allegations and defendants," and granting dismissal of action); *Santana*, 2019 U.S. Dist. LEXIS 201469, at *14-15 ("Given the nearly identical claims, parties, facts, and law at issue here and in the [first-filed a]ction, as well as [the plaintiff's] representation by the same counsel as the putative class counsel in [the first-filed action], the first-filed rule clearly applies."); *Burke v. Bimbo Bakeries USA, Inc.*, No. 19-CV-902 (MAD) (ATB), 2019 U.S. Dist. LEXIS 198263, at *10 (N.D.N.Y. Nov. 15, 2019).

In determining whether dismissal based on duplicativeness is appropriate, courts may consider any "special factors counselling for or against the exercise of jurisdiction." *Serlin v. Arthur Andersen & Co.*, 3 F.3d at 224.  The Second Circuit has recognized two exceptions to the "first-filed" rule:  (1) where the "balance of convenience" favors the second-filed action; and (2) where there are "special circumstances" such as where the first-filing plaintiff has engaged in some "manipulative or deceptive behavior." *Empr's Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275-76 (2d Cir. 2008).

There are a very limited number of "special circumstances" where priority would be granted to the later-filed lawsuit, such as:  (a) when a party files an anticipatory declaratory

judgment action in response to direct threats of litigation; (b) when forum shopping alone motivated the choice of venue for the first suit; (c) where the first-filing plaintiff has engaged in "manipulative or deceptive behavior"; and (d) where the ties between the litigation and the first venue are so "tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first." *Id*. at 276.

"The party seeking to deviate from the rule must demonstrate that circumstances justifying an exception exist, and it is within the trial court's discretion to determine if a departure is warranted." *Pharm. Res., Inc. v. Alpharma USPD, Inc.*, No. 02-CV-1015 (LMM), 2002 U.S. Dist. LEXIS 8549, at *13 (S.D.N.Y. May 13, 2002). Further, the party asserting that an exception to the "first-filed" rule applies in a given case bears the burden of overcoming the rule's presumption by showing that "equitable considerations recommend the later action." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998).

### c.   Improper Gamesmanship Weighs in Favor of Applying the "First-Filed" Rule.

Dismissal under the "first-filed" rule is particularly warranted where a plaintiff's motivation in commencing the second action is derived from improper gamesmanship. *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 665 (S.D.N.Y. 1997); *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161, 165-66 (E.D.N.Y. 1999) (granting motion to dismiss Eastern District action that was subsequently commenced for sole purpose of bringing claims that plaintiffs were previously barred from asserting in Southern District, and holding that: "Where plaintiffs' objective in bringing the duplicative action is to ***circumvent prior orders of the original court***, it should hardly need saying that the court where the duplicative action is brought may not lend its hand to the advancement of such tactics.") (emphasis added); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 216 (E.D.N.Y. 1999) (granting dismissal of duplicative complaint

filed in different district, and expressly holding that "[a] plaintiff may not file duplicative complaints 'for the purpose of circumventing the rules pertaining to the amendment of complaints ....'" (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)); *see also Oliney v. Gardner*, 771 F.2d 856 (5th Cir. 1985) (same); *In re Prudential Securities Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 562 (S.D.N.Y. 1994); *Morency v. Vill. of Lynbrook P.O. Shield No. 217,* 1 F. Supp. 3d 58, 62-63 (E.D.N.Y. 2014); *Oleg Cassini*, 2012 U.S. Dist. LEXIS 33875, at *26.

###### 2.    Under the Second Circuit's "First-Filed" Rule, This Court Should Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction.

Here, this Court should dismiss the Pennsylvania claims in this action, because they substantially overlap with the claims in the *Flynn* Action,[3] and because this action was filed in the Southern District of New York to circumvent the Court's order in *Flynn* precluding Mr. Shenkan from further amending his complaint or adding any more plaintiffs.  Further, the timing of the *Chapman* filing and its duplicative nature suggest strongly that Plaintiffs filed this second case in an effort to pressure M&T into a settlement after an unsuccessful mediation session, with the threat of M&T having to expend significant further resources to defend nearly identical claims in a different venue.  This is the quintessential situation where the "first-filed" rule should bar the second action.

Critically, while both complaints seek statutory damages under the Pennsylvania UCC, statutory damages are only available once per obligation – not on a per violation basis.  *See* 13 Pa.C.S. § 9628(e) Comment 4 ("A secured party is not liable for statutory damages under this

---

[3] *Compare, e.g.,* Berg Decl, Ex. A, ¶ 2 *with* Ex. B, ¶¶ 2, 101 (both alleging violations of the UCC and MVSFA) *and* Berg Decl., Ex. A, ¶¶ 21-33 *with* Ex. B, ¶¶ 74-85 (both taking issue with "Storage Expenses", "'Prepare/Repair Fees,'" and "Redemption Fee[s], Personal Property Fee[s], and Administrative Fee[s]").

subsection more than once with respect to any one secured obligation."). As such, it is literally impossible for statutory damages to be awarded in two separate actions.

None of the potential exceptions to the "first-filed" rule remotely apply here. The Court is not convenient to any of the named Plaintiffs or Defendant (all of whom reside in the Western District of New York), and Plaintiffs' counsel himself initiated *Flynn* in Pennsylvania nearly three years ago.

Finally, dismissal – rather than a transfer or stay – is the appropriate remedy, as only dismissal would foster the guiding principles of judicial economy and fairness by disposing of this wholly duplicative case. Transferring the case to the Eastern District of Pennsylvania for consolidation with *Flynn* would simply give Plaintiffs' counsel a backdoor means to further amend his pleadings that Judge Beetlestone previously denied him. *See* Berg Decl., Ex. C (ordering on April 13, 2018 that "Plaintiff shall not be afforded any further amendment").

Indeed, on the date that Judge Beetlestone entered the order precluding Mr. Shenkan from further amending his complaint, she held oral argument on M&T's motion to dismiss Plaintiffs' First Amended Complaint. *See* Berg Decl., Ex. D, Tr. 1-2. Upon request from Mr. Shenkan, however, the Court converted the argument to address Mr. Shenkan's "verbal motion" to further amend his complaint to add a new named plaintiff, Douglas Abbott, and remove another named plaintiff, Terry Seyler. *See id.*, Tr. 8-9. While the Court ultimately granted Mr. Shenkan's verbal motion to amend (*see id.*, Tr. 8-15), in so doing, it specifically stated that there would be "no additional plaintiffs", and that Mr. Shenkan would "not get an opportunity to amend again":

> THE COURT: Okay. Here's what I'm going to do. I'm going to – I'm going to grant the motion to amend. There are a couple of conditions. You have stated here on the record that you're going to remove Seyler, you will remove Seyler.

MR. SHENKAN:  Certainly.

THE COURT:  You have indicated that you're going to add one additional plaintiff, Mr. Abbott.  You will only add one, **there will be no additional plaintiffs that you add**.  **And the final condition is that you will not get an opportunity to amend again; this is the last time that you will amend your complaint.  Understood?**

MR. SHENKAN:  (No Verbal Response)

THE COURT:  **It's not a negotiation.  It's not a negotiation, okay?**

MR. SHENKAN:  I understand the conditions, Your Honor.  I -- I don't know what the future will bring as far as other – other reasons, but I -- I am gracious to the Court --

THE COURT:  Well --

MR. SHENKAN:  -- and I will amend.

(*Id.*, Tr. 14-15 (emphasis added).)

Accordingly, the Pennsylvania claims should be dismissed pursuant to the "first-filed" rule.  *See Jeffrey v. DTG Operations, Inc.*, No. 19-CV-7209 (PKC) (CLP), 2020 U.S. Dist. LEXIS 56265 (E.D.N.Y. Mar. 31, 2020) (granting motion to dismiss later-filed action under "first-filed" rule, where the class claims raised were so substantially similar as to required dismissal); *see also Wagner v. Akin Gump Strauss Hauer & Feld LLP,* No. 16-CV-3532 (GBD) (JCF), 2017 U.S. Dist. LEXIS 6119, at *3-5 (S.D.N.Y. Jan. 17, 2017); *Thomas v. Apple-Metro, Inc.,* No. 14-CV-4120 (VEC), 2015 U.S. Dist. LEXIS 14574, at *14 (S.D.N.Y. Feb. 5, 2015) (dismissing later-filed action in favor of first-filed action, and recognizing that "while other courts have opted to transfer, rather than dismiss, certain second-filed suits, because there are no differences in the classes of eligible plaintiffs, the relief being sought and the law being applied in this action versus the [South]ern District Action[], transferring this case, is not appropriate given the relatively advanced status of those cases").

## II. UPON DISMISSAL OF PLAINTIFFS' PENNSYLVANIA CLAIMS, THE COURT SHOULD DISMISS PLAINTIFFS' NEW YORK CLAIMS BASED UPON LACK OF SUBJECT MATTER JURISDICTION UNDER CAFA.

Upon dismissal of the Pennsylvania claims and putative classes from this action, the New York classes should then be dismissed on the independent grounds of lack of subject matter jurisdiction under CAFA.   CAFA confers original federal jurisdiction over class actions that involve:   (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).

CAFA includes several exceptions, including the "home state exception", which provides that "[a] district court ***shall*** decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(4)(B)) (emphasis added).

In order to demonstrate that the "home state" exception applies, courts within the Second Circuit permit movants to submit declarations containing class member demographic data.  *See Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13-CV-649 (DRH) (AKT), 2014 U.S. Dist. LEXIS 46518, at *16-28 (E.D.N.Y. Mar. 31, 2014) (illustrating applicability of home state exception to CAFA, and finding that defendant would likely show that the court lacked jurisdiction over this matter pursuant to home state and local controversy exceptions to CAFA).

To that end, this Court is permitted to "infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met by the moving party." *Kurovskaya v. Project O.H.R. Inc.*, 251 F. Supp. 3d 699, 703 (S.D.N.Y. 2017); *see also Weider*

*v. Verizon N.Y., Inc.*, No. 14-CV-7378 (FB) (JO), 2015 U.S. Dist. LEXIS 70912 (E.D.N.Y. Jun. 2, 2015); *Commisso v. PricewaterhouseCoopers LLP*, No. 11-CV-5713 (NRB), 2012 U.S. Dist. LEXIS 105151, at *16 (S.D.N.Y. July 27, 2012) (holding that courts may "simply make reasonable assumptions about the makeup of the putative class" when determining citizenship for CAFA's exceptions); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 189 (E.D.N.Y. 2009); *Mattera v. Clear Channel Communs., Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006).

In this case, M&T's declaration accompanying this Motion demonstrates the clear applicability of the home state exception.  Specifically, M&T's records reflect the following address information for putative class members:[4]

|  | New York "6 Year Class" (as defined in Complaint) | New York "3 Year Class" (as defined in Complaint) |
|---|---|---|
| Approximate Total Number of Putative Class Members: | 7,969 | 3,987 |
| Approximate Total Number of Putative Class Members with New York Addresses: | 7,858 (*i.e.*, 98.6%) | 3,929 (*i.e.*, 98.54%) |
| Approximate Total Number of Putative Class Members with Non-New York Addresses: | 107 (*i.e.*, 1.34%) | 60 (*i.e.*, 1.5%) |

Therefore, this Court should decline to exercise jurisdiction over the claims associated with the New York putative classes, based upon the "home state" exception to CAFA.  Plaintiffs do not dispute that M&T's principal place of business is in New York.  M&T has demonstrated that more than two-thirds of the remaining putative class members reside in New York.  *See, e.g.*, *Anirudh v. CitiMortgage, Inc.*, 598 F. Supp. 2d 448, 451-52 (S.D.N.Y. 2009) (declining

---

[4] *See* Declaration of Victoria Aldinger in Support of M&T Bank's Motion to Dismiss the Complaint, ¶¶ 3-8 (June 11, 2020).

exercise of jurisdiction under CAFA pursuant to home state exception, and noting: "Regarding the citizenship of the members of the proposed plaintiff class, we accept the findings as set forth in the Baumann affidavit that 'approximately 96.7% of the payoffs' of CMI loans nationwide between March 26, 2002 and December 31, 2007 were payoffs of New York co-op loans and therefore conclude that nearly 100% of the proposed plaintiff class are citizens of New York."); *Del Vecchio v. Metro. Transp. Auth.*, No. 17-CV-10051 (AKH), 2018 U.S. Dist. LEXIS 175567, at \*9 (S.D.N.Y. Oct. 10, 2018); *Gold v. N.Y. Life Ins. Co.*, No. 09-CV-3210 (WHP), 2012 U.S. Dist. LEXIS 67211, at \*3-4 (S.D.N.Y. May 14, 2012), *aff'd*, 730 F.3d 137 (2d Cir. 2013).

## III.   PLAINTIFFS' CLAIMS ARE BARRED BY THE EXPIRATION OF THE APPLICABLE STATUTES OF LIMITATIONS.

### A.   Plaintiffs' New York Claims Are Barred by the Statute of Limitations.

#### 1.   Plaintiffs' New York Claims Are Governed by a Three-Year Statute of Limitations.

Article 9 of New York's UCC (*i.e.*, Plaintiffs' First and Second Counts) does not specifically identify a statute of limitations. Normally, under the "catch-all" provision of the CPLR, this would mean that the statute of limitations for these Counts would be six years. *See* CPLR 213(1) ("The following actions must be commenced within six years: (1) an action for which no limitation is specifically prescribed by law…").

CPLR 214(2), however, provides that the following actions must be commenced within *three* years: "an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215." And, in *Hales v. HSBC Bank U.S.A.*, N.A., 347 Fed. Appx. 698 (2d Cir. 2009), the Second Circuit held that any claims for breach of Article 9 of the UCC fall within the scope of CPLR 214(2) – and must be brought within three years, not six – because such claims seek to recover damages not available at common law.

In *Hales*, plaintiffs-appellants appealed from the district court's judgment granting Defendant-Appellee's motion for partial summary judgment, and dismissing Plaintiff-Appellant John Leslie Hales' claim for "violation of Article 9 of the New York Uniform Commercial Code." *Id.* at 699.  The Second Circuit noted the three-year statute of limitations set forth under CPLR 214(2), and held that, "[f]or a liability to be created by statute, the statute 'must impose a liability for wrongs not recognized in the common or decisional law.'"  *Id.* (citing *Banca Commercialie Italiana v. N. Trust Int'l Banking Corp.*, 160 F.3d 90, 93-94 (2d Cir. 1998)).  The Second Circuit concluded that, because "Hales' claim for breach of Article 9 of the U.C.C. seeks to recover damages not available at common law, it is time barred."  *Id.*

Further, the Second Circuit rejected Hales' argument that the statute of limitations for this claim had not expired because he "did not know of the violation" until years later:  "When Hales discovered the violation is not relevant."  *Id.* (citing *Fine v. State*, 814 N.Y.S.2d 890 (N.Y. Ct. Cl. 2005) (under CPLR 214(2), statute of limitations begins to run on the date of the tort, not the date of discovery).  The Second Circuit reiterated that, "[t]herefore, the U.C.C. claim is time barred."  *Id.*

### 2. Both of the New York Plaintiffs' Claims Accrued More Than Three Years Before Plaintiffs Filed Their Complaint.

### a. The Second Circuit's "Presumptive Receipt" Rule.

Under Second Circuit law, "[n]ormally it is assumed that a mailed document is received three days after its mailing."  *Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984)); *see also, e.g.*, *Manigault v. Macy's East, LLC*, 318 Fed. Appx. 6, 7 (2d Cir. 2009) (Hon. Jed S. Rakoff, sitting by designation) ("New York law has established a presumption that a party has

received documents when mailed to the party's address in accordance with regular office procedures.") (citing *Meckel v. Continental Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).

While the presumptive mailing rule may be "rebutted by admissible evidence," the "mere denial of receipt does not rebut that presumption." *Id.* (quoting *Meckel*, 758 F.2d at 817); *see also Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1191-92 (S.D. Fla. 2015), *aff'd*, 839 F.3d 1003 (11th Cir. 2016).

### b.      M&T's Mailing Practices and Procedures.

Based upon M&T's regular mailing practices and procedures (including such practices and procedures that were in place in March 2017), M&T's notices of repossession are posted, addressed, and delivered to the exclusive care of the United States Postal Service in a postage paid, properly addressed envelope on the date of the notice.  Each notice of repossession includes the date the notice was generated and is always printed and mailed the same day it is generated. In order to ensure the notices are ready for United States Postal Service pick up at 5:00 pm, all regular mail letters are brought to the mailroom by 3:30 pm.   The day after a notice of repossession is sent for mailing, an Image Request Form is sent to the mailroom.  After receiving this request form, the mail room will scan a copy of the as-sent letter to M&T's FileNet system as evidence of its mailing.  M&T does not upload a copy of the notice of repossession until the day after it is mailed.  *See* Declaration of Michael P. Ryan in Support of M&T Bank's Motion to Dismiss the Complaint (June 11, 2020) ("Ryan Decl."), ¶ 4.

### c. Boyce's Claim Expired by June 2017.

According to Plaintiffs' Complaint, M&T repossessed the vehicle belonging to Boyce in "May or June 2014." (Berg Decl., Ex. A, ¶ 16.) Therefore, according to Plaintiffs' own allegations, the statute of limitations as to Boyce's New York claims expired by June 2017 – nearly three years before Plaintiffs filed the Complaint in this case.

### d. Randolph's Claim Expired by March 16, 2020.

According to Plaintiffs' Complaint, M&T repossessed the vehicle belonging to Randolph in "late March of 2017." (*Id.*) Consistent with Plaintiffs' own allegations, and as set forth in M&T's business records, M&T sent Boyce a Notice of Repossession on March 13, 2017. *See* Ryan Decl., ¶¶ 5-6. Therefore, for the reasons set forth above, the statute of limitations as to Randolph's New York claims expired on March 16, 2020 – a day before Plaintiffs filed the Complaint.

### B. Plaintiffs' Pennsylvania Claims Are Barred by the Statute of Limitations.

#### 1. The Statute of Limitations for Plaintiffs' Pennsylvania Claims Are Governed by New York's "Borrowing Statute".

Under CPLR 202 (i.e., New York's "borrowing statute"), where an out-of-state plaintiff brings a lawsuit "based upon a cause of action accruing without the state," the claim must be timely under ***both*** the applicable New York statute of limitations and the limitations period of the forum where the claim accrued. *See, e.g.*, *Luv N' Care, Ltd. v. Goldberg Cohen, LLP*, 703 F. App'x 26, 28 (2d Cir. 2017) ("When a nonresident sues on a cause of action accruing outside New York, C.P.L.R. 202 requires the cause of action to be timely under the limitations period of ***both*** New York and the jurisdiction where the cause of action accrued.") (emphasis added) (citing *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999)).

Thus, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either:  (1) New York; or (2) the state where the cause of action accrued."  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *see also, e.g.*, *Mail Am. Communs. Inc. v. World Healing Ctr. Church, Inc.*, No. 18-CV-08481, 2019 U.S. Dist. LEXIS 217622, at *15 (S.D.N.Y. Dec. 17, 2019); *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-CV-293, 2019 U.S. Dist. LEXIS 167845, at *18 (S.D.N.Y. Sep. 27, 2019); *2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assurance Co.*, 717 F. App'x 35, 37 n.1 (2d Cir. 2017) (same); *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 190 (2d Cir. 2012) ("If New York's statute of limitations is shorter than the statute of limitations of the place where the cause of action accrued, New York courts should apply the local rule; if the foreign statute of limitations is shorter, then that is what controls."); *House Prods., LLC v Paul, Hastings, Janofsky & Walker, LLP*, 71 A.D.3d 580 (1st Dept 2010).)

    **2.**    **Under New York's "Borrowing Statute," the Statute of Limitations as to Plaintiffs' Pennsylvania Claims Should Be Limited to Three Years.**

Normally, the statute of limitations for the claims asserted by the Pennsylvania plaintiffs (*i.e.*, the Chapmans) would be six years.  *See Cubler v. Trumark Fin. Credit Union*, 83 A.3d 235 (Pa. Super. 2013).  Applying New York's "borrowing statute," however, this Court should apply a three year statute of limitations as to those claims, in accordance with the Second Circuit's decision in *Hales*.

### 3. The Pennsylvania Plaintiffs' Claims Accrued More Than Three Years Before Plaintiffs Filed Their Complaint.

According to the Complaint, M&T repossessed the vehicle belonging to the Chapmans in "July of 2016." (Berg Decl., Ex. A, ¶ 17.) Therefore, according to Plaintiffs' own allegations, the statute of limitations as to the Chapmans' Pennsylvania claims expired in July 2019 – more than eight months before Plaintiffs filed their Complaint in this case.

## CONCLUSION

For the foregoing reasons, M&T respectfully requests that this Court grant M&T's Motion and dismiss Plaintiffs' Complaint with prejudice, and grant M&T such other and further relief as the Court deems just and proper.

PARKER IBRAHIM & BERG LLP

*/s/ James P. Berg, Esq.*
James P. Berg, Esq.
Scott W. Parker, Esq.
Daniel A. Schleifstein, Esq.

*Counsel for Defendant,*
Manufacturers and Traders Trust Company
Dated:  June 12, 2020                    a/k/a M&T Bank